**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PETER SOROKAPUT, | : | No. 4:23-CV-0830 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN SCI-ALBION, | : | |
| Respondent | : | |

## MEMORANDUM

Peter Sorokaput initiated the above-captioned action by filing a *pro se*
petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges
his 2019 state convictions and sentence entered after pleading guilty to multiple
offenses involving the sexual assault of his daughters.  For the reasons that
follow, the court will deny Sorokaput's Section 2254 petition.

## I.   BACKGROUND

In February 2019, Coaldale Police Department officer James Bonner was
informed by Schuylkill County Children and Youth Services that Sorokaput had
sexually assaulted his then 6-year-old and 4-year-old daughters.  Commonwealth
v. Sorokaput, No. 583 MDA 2022, 2022 WL 3369334, at *4 (Pa. Super. Ct. Aug.
16, 2022).  After conducting an interview at Sorokaput's residence, Bonner
learned that Sorokaput knew about the allegations and was a possible flight risk.
Id.  Bonner was able to track down Sorokaput and asked him to accompany him

to the police station for an interview. Id. Sorokaput agreed to be interviewed,

was given Miranda[1] warnings in writing (which he initialed and signed), and then

provided a voluntary statement in which he admitted to sexually assaulting both

of his minor daughters. Id.

Shortly thereafter, Sorokaput was charged with numerous counts of sexual

assault, including three counts of rape of a child, two counts of aggravated

indecent assault of a child, two counts of incest of a minor under age 13, two

counts of corruption of minors, two counts of endangering the welfare of a child,

two counts of indecent assault, and four counts of indecent exposure. Id.

Sorokaput was appointed counsel and waived his right to a preliminary hearing.

Id.

In November 2019, Sorokaput entered an open guilty plea to all charges

before Judge William E. Baldwin. Prior to pleading guilty, Sorokaput

> signed and initialed numerous documents including but not limited to a
> Memorandum of Plea Agreement, Registration Notification pursuant to
> 42 [PA. CONS. STAT.] § 9799.23, a Waiver of Requirements under 42
> [PA. CONS. STAT.] § 9799.24 and Request to be Sentenced, and Guilty
> Plea Certification.  Judge Baldwin issued [Sorokaput] a standard
> colloquy to confirm that [he] understood all consequences of the
> general guilty plea and that he was doing such knowingly, voluntarily,
> and intelligently.  Further, Judge Baldwin thoroughly reviewed the
> maximum possible sentences and fines on each count and confirmed
> that all of [Sorokaput]'s questions were satisfactorily answered by his
> attorney.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

Id. Judge Baldwin accepted Sorokaput's guilty plea, and the following month sentenced him to an aggregate term of 30- to 60-years' imprisonment. Id.

Sorokaput did not file any post-sentence motions but did file a direct appeal. See Commonwealth v. Sorokaput, No. 54 MDA 2020, 2020 WL 6059834, at *1 (Pa. Super. Ct. Oct. 14, 2020). In his counseled statement of errors complained of on appeal, see PA. R. APP. P. 1925(b), Sorokaput challenged only the discretionary aspects of his sentence. Id. He then asserted two claims on appeal: (1) whether the sentencing court abused its discretion and created an unreasonably excessive sentence by ordering some of the sentences on multiple counts to run consecutively rather than concurrently; and (2) that the trial court's guilty plea colloquy was defective and rendered his plea "unknowing and involuntary." Id.

The Superior Court swiftly denied Sorokaput's appeal, finding that he had failed to preserve either issue for review. Id. The panel noted that he did not preserve his first claim regarding the discretionary aspects of his sentence because he had not raised this claim at sentencing or in a post-sentence motion, as required. Id. Sorokaput also waived his second claim because he did not include it in his Rule 1925(b) statement. Id. (citing PA. R. APP. P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not

3

raised in accordance with the provisions of this paragraph (b)(4) are waived.")).

On April 21, 2021, the Supreme Court of Pennsylvania denied Sorokaput's petition for allowance of appeal. Commonwealth v. Sorokaput, No. 23 MAL 2021, 252 A.3d 1077 (Pa. Apr. 21, 2021) (table). The Supreme Court of the United States denied his petition for a writ of certiorari on October 4, 2021. Sorokaput v. Pennsylvania, No. 20-8259, 142 S. Ct. 172 (2021) (mem.).

While pursuing his direct appeal, Sorokaput also filed a *pro se* motion in the trial court seeking leave to file an out-of-time post-sentence motion. See Sorokaput, No. 583 MDA 2022, 2022 WL 3369334, at *5. The court construed this motion as a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 *et seq.* Id. Post-conviction counsel was appointed. Id.

In December 2021, after Sorokaput had exhausted his direct appeal rights, PCRA counsel filed an amended PCRA petition raising three claims of ineffective assistance of trial counsel. Id. A fourth ineffective-assistance claim, although not included in the petition, was determined to have been raised during the PCRA evidentiary hearing. Id. The PCRA court ultimately denied Sorokaput's petition, see id., at *1, *5-9, and the

4

Pennsylvania Superior Court affirmed on the basis of the "comprehensive and well-reasoned" opinion of the PCRA court. Id. at *3-4. The Pennsylvania Supreme Court again denied Sorokaput's petition for allowance of appeal. Commonwealth v. Sorokaput, No. 391 MAL 2022, 292 A.3d 552 (Pa. Feb. 13, 2023) (table).

In April 2023, Sorokaput filed the instant Section 2254 petition in this court. (See generally Doc. 1). The court issued its standard notice pursuant to Mason v. Myers, 208 F.3d 414 (3d Cir. 2000), informing Sorokaput that he must raise all claims for relief in his Section 2254 petition and giving him the option to withdraw his petition and file an all-inclusive amended petition or stand on his petition as filed. (Doc. 17). Sorokaput promptly returned his notice of election, indicating that he desired to have his petition ruled on as filed. (Doc. 18). That petition is fully briefed and ripe for disposition.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been

5

adjudicated on the merits. Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)); see also Johnson v. Williams, 568 U.S. 289, 302 (2013).

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." Id. (citations omitted). Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns. Martinez v. Ryan, 566 U.S. 1, 9 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 747-48 (1991); Wainwright v. Sykes, 433 U.S. 72, 84-85 (1977)).

A few limited exceptions to this rule exist. One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Id. at 10 (citing Coleman, 501 U.S. at 750). "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted). To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they

6

"worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). If cause and prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits." Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 (3d Cir. 2017), cert. denied sub nom. Gilmore v. Bey, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'" Carpenter, 296 F.3d at 146 (quoting Coleman, 501 U.S. at 750). To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence. Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

## III.   DISCUSSION

Sorokaput raises three grounds for relief in his Section 2254 petition.[2] His petition, liberally construed, asserts that: (1) trial counsel was constitutionally

---

[2] Both before and after returning his notice of election, Sorokaput has filed a bevy of miscellaneous documents purporting to assert other claims for relief that were not raised in his Section 2254 petition. (See Docs. 7, 15, 16, 19, 26, 27, 29-32, 34-36, 39-43, 46, 47, 50-52, 55, 57, 58, 60). The court will not address most of these additional claims for two reasons. First, Sorokaput was provided with written notice under Mason v. Myers regarding raising all claims for relief in his petition, and he was explicitly granted leave to file an amended, all-inclusive Section 2254 petition. (See Doc. 17). He rejected this option and instead chose to stand on his petition as filed. (See Doc. 18). That decision is binding on him. (See id. at 2). Second,

ineffective for advising Sorokaput to plead guilty; (2) the prosecution violated

Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose exculpatory medical

and forensic evidence; and (3) the sentencing court violated the Cruel and

Unusual Punishment Clause of the Eighth Amendment by imposing a 30- to 60-

year sentence.  (See Doc. 1 at 5, 7, 8).  In one filing submitted prior to executing

his notice of election, Sorokaput also appears to assert a fourth claim, arguing

that his verbal and written confessions were involuntary and thus his trial counsel

was ineffective for failing to move to suppress them.  (See Doc. 15 at 1, 2; see

also Doc. 1-1 at 5-7 (providing documents from PCRA appeal discussing claim of

ineffective assistance of trial counsel for failing to move to suppress

confessions)).  After careful consideration, the court finds that none of

Sorokaput's claims warrant relief.

## A.    Grounds One and Four – Ineffective Assistance of Counsel

A collateral attack based on ineffective assistance of counsel is governed

by the familiar two-pronged test set forth in Strickland v. Washington, 466 U.S.

668 (1984).  To prevail on such a claim, a criminal defendant must demonstrate

---

Sorokaput only exhausted four claims for relief in state court.  Those claims are set forth (and denied) in the Pennsylvania Superior Court's August 16, 2022 decision.  See Sorokaput, No. 583 MDA 2022, 2022 WL 3369334, at *3-9 (adopting PCRA court opinion).  Sorokaput does not discuss, much less establish, cause and prejudice to excuse the procedural default of his multitudinous other claims.  Nor does he establish a miscarriage of justice.  Thus, this court will only address (1) the claims raised in Sorokaput's Section 2254 petition, and (2) any claim asserted in his pre-election filings that was properly exhausted in state court.  See Martinez, 566 U.S. at 9 (citing Coleman, 501 U.S. at 747-48); 28 U.S.C. § 2254(b)(1)(A).

that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial. Id. at 687-88. The defendant bears the burden of proving both prongs. See id. at 687.

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct. Id. at 689. There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90). To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

When a claim of ineffective assistance of counsel has been exhausted in state court, review of that claim by a federal habeas court is significantly

9

circumscribed. The federal court does not review the ineffectiveness claim *de novo*; rather, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable." Harrington v. Richter, 562 U.S. 86, 101 (2011); Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 546-47 (3d Cir. 2014). Under this "doubly" deferential standard, "so long as fairminded jurists could disagree on the correctness of the state court's decision," a state court's determination that a Strickland claim lacks merit precludes federal habeas relief. Harrington, 562 U.S. at 101, 105 (citation omitted).

In his first ineffective-assistance claim, Sorokaput asserts that his trial attorney was ineffective because he told Sorokaput "to take the plea cause [sic] [he] won't look good going to trial." (Doc. 1 at 5). This single sentence constitutes the entirety of Sorokaput's argument.

The court finds that this ground for relief is unreviewable because it lacks adequate factual allegations to state a discernable habeas claim. See 28 U.S.C. § 2254 Rule 2(c)(2) (requiring petitioner to provide "the facts supporting each ground" for relief); United States v. Thomas, 221 F.3d 430, 437-38 (3d Cir. 2000) (explaining that post-conviction claims that are "conclusory and too vague to warrant further investigation" may be summarily dismissed). The court is unable to determine *why* Sorokaput believes that his trial attorney's performance was constitutionally deficient for advising him to plead guilty rather than go to trial.

10

Without such basic facts, this ineffective-assistance claim is simply unreviewable and must be dismissed. See Thomas, 221 F.3d at 437-38.

For the sake of argument, the court will liberally construe Sorokaput's Section 2254 petition and assume that he is attempting to raise the exhausted claim that trial counsel "was ineffective for coercing [Sorokaput] to enter a general plea to all of the charges by informing [him] that it would look better at Court rather than proceeding to trial." Sorokaput, No. 583 MDA 2022, 2022 WL 3369334, at *5. This claim fails, nonetheless, because the state court's determination was not an unreasonable application of Strickland.

The PCRA court, in its thorough opinion adopted by the Superior Court, found that Sorokaput had failed to establish that his trial attorney's conduct was constitutionally deficient. See id., at *6-7. The PCRA court relied on counsel's PCRA hearing testimony that Sorokaput had never previously denied the allegations of sexual assault and that he had advised Sorokaput that pleading guilty "was his best option" but ultimately his decision to make. Id., at *7. Trial counsel further testified that the facts of the case were—in his professional opinion—"horrible," and that the only way to get a better outcome was a general guilty plea. Id. Finally, the PCRA court found no evidence of coercion or undue pressure by trial counsel to plead guilty. Id.

Sorokaput has not provided argument or evidence as to why the PCRA court's determination on this claim was an unreasonable application of Strickland. Nor can this court independently conceive of a reason. Sorokaput was facing damning evidence in the form of statements the victim children made to Children and Youth Services, as well as his own uncoerced verbal and written confessions to police. Id., at *4. According to his trial attorney, the prosecution had offered a plea deal that required a 30- to 60-year prison sentence. (See Doc. 28-1 at 16-62, Feb. 24, 2022 PCRA Evid. Hr'g Tr. 24:13-17). Trial counsel concluded that the only way to possibly get a better outcome than the offer made by the District Attorney's Office was to enter a general plea of guilty to all charges and hope that the sentencing court would take Sorokaput's acceptance of responsibility into account and impose a more lenient sentence. Id. at 24:18-23, 25:11-18; Sorokaput, No. 583 MDA 2022, 2022 WL 3369334, at *7. The sentencing court, however, entered the same sentence as contained in the plea offer made by the District Attorney's Office.

Sorokaput has not proffered argument, evidence, or legal support that would establish that his attorney's conclusion and strategy fell below an objective level of reasonableness based on prevailing professional norms. The PCRA court, therefore, did not unreasonably apply Strickland when it denied this claim

12

by finding that there was no deficient conduct.  Accordingly, Sorokaput's first ineffective-assistance claim warrants no relief.

In his second ineffective-assistance claim—his fourth ground for relief—Sorokaput contends that his trial attorney was ineffective for failing to move to suppress his oral and written confessions made to police.  This claim was also exhausted in state court.  See Sorokaput, No. 583 MDA 2022, 2022 WL 3369334, at *8.

The PCRA court adeptly addressed and denied this claim.  See id.  It reasoned that Sorokaput had failed to articulate to his attorney or to the court any specific reason why he felt pressured or coerced during the police interview.  Id.  Moreover, Sorokaput's contention that he had been questioned by police for "four hours" before confessing was directly contradicted by the time notations on the admissions, the signed Miranda warning, and the police report.  Id.  The PCRA court thus concluded that trial counsel had not provided ineffective assistance because there were "no meritorious grounds" on which to move to suppress the confessions.  Id.

Once again, Sorokaput does not offer argument or evidence to support his claim that trial counsel was ineffective or that the state court's determination on this Strickland claim was unreasonable.  At most, he provides a copy of what appears to be a portion of his PCRA appellate brief.  (See Doc. 1-1 at 6-7).  Yet

13

this document does not articulate any specific basis for suppression of Sorokaput's confessions.  Instead, it merely argues that counsel should have moved to suppress the statements because they were potent evidence of guilt and the interview was "coercive" in nature.  (See id. at 7).

Without providing any facts or details establishing why the interview was unlawfully coercive so as to render Sorokaput's signed, Mirandized confession involuntary, there is no basis for suppression.  As the PCRA court properly held, Sorokaput has not shown that his trial counsel was constitutionally deficient for failing to move to suppress the confessions because an attorney cannot be found to be ineffective for failing to raise a meritless suppression claim.  See Commonwealth v. Metzger, 441 A.2d 1225, 1228 (Pa. Super. Ct. 1981) (citations omitted); Preston v. Superintendent Graterford SCI, 902 F.3d 365, 379 (3d Cir. 2018).  Sorokaput's second ineffective-assistance claim, therefore, does not warrant habeas relief.

## B.    Ground Two – Alleged Prosecutorial Misconduct

In his second ground for relief, Sorokaput contends that the prosecution violated Brady v. Maryland by withholding exculpatory medical and forensic records that reflect an absence of evidence of sexual assault.  (Doc. 1 at 7). Sorokaput did not adequately present any such claim in state court, nor has he

14

established cause and prejudice to excuse the default.  This claim, therefore, is unreviewable based on procedural default.  See Martinez, 566 U.S. at 9.

Assuming only for the sake of argument that exhaustion of this claim could be excused, it is nonetheless meritless.  In Brady, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87.

A Brady claim will be successful only if the defendant can establish the following three elements: (1) the withheld evidence was favorable to the defendant, either because it was "exculpatory" or "impeaching," (2) the prosecution suppressed the evidence either "willfully" or "inadvertently," and (3) the withheld evidence was material "such that prejudice resulted from its suppression."  Rega v. Sec'y, Pa. Dep't of Corr., __ F. 4th __, __, 2024 WL 3912179, at *3 (3d Cir. 2024) (quoting Dennis v. Sec'y, Pa. Dep't of Corr., 834 F.3d 263, 284-85 (3d Cir. 2016)).  "Material" under Brady means that there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  Kyles v. Whitley, 514 U.S. 419, 433 (1995) (citation omitted).  "In other words, evidence is material when it 'could reasonably be taken to put the whole case in such a different light as to

15

undermine confidence in the verdict.'" <u>Rega</u>, __ F. 4th at __, 2024 WL 3912179, at *3 (quoting <u>Kyles</u>, 514 U.S. at 435).

Discussion of Sorokaput's <u>Brady</u> claim begins and ends with materiality. Sorokaput asserts that the prosecution failed to disclose that the victims' medical records reflected an absence of evidence of sexual assault and that there was no DNA evidence proving his guilt.³ (Doc. 1 at 7; Doc. 7-2; Doc. 7-7 at 1). Even assuming that the purported evidence could be considered "exculpatory" or "impeachment" evidence, and further assuming it was willfully or inadvertently suppressed by the prosecution—claims that Sorokaput advances without support—that evidence would not create a reasonable probability that the result of the proceeding would have been different.

Sorokaput did not go to trial and was not convicted by a jury; rather, he pled guilty to the offenses charged. In a guilty plea setting, to show that there is a reasonable probability that the result of the proceeding would have been different, Sorokaput would have to establish that "the suppressed evidence [had] such a powerfully compelling exculpatory quality that its non-disclosure would have rendered the plea unknowing and involuntary." <u>Preski v. Shapiro</u>, No. 3:19-

---

³ Sorokaput provided a copy of the allegedly exculpatory medical records, at least as to one victim. (<u>See</u> Doc. 7-2). Although he references several times that there was "no DNA evidence," he has not provided any documentation with respect to DNA testing. In fact, it is unclear if he is asserting that DNA testing was performed and had exculpatory results, or that there was simply no DNA testing performed. Under either scenario, however, Sorokaput's <u>Brady</u> claim is both procedurally defaulted and meritless, as explained herein.

16

cv-0288, 2019 WL 7606379, at *13 (M.D. Pa. Sept. 30, 2019) (report and recommendation) (citing United States v. Wright, 43 F.3d 491, 495-96 (10th Cir. 1994)), adopting report and recommendation, 2020 WL 315758 (M.D. Pa. Jan. 21, 2020) (Caputo, J.); see also United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001) (considering Brady claim in context of guilty plea and asking whether allegedly suppressed evidence would "undermine [the court of appeals'] confidence in the outcome of the case").

Sorokaput cannot make this extremely difficult showing. As noted above, the evidence of Sorokaput's guilt was overwhelming. The inculpatory statements of his minor children, coupled with his own corroborating confessions to police, are potent evidence that would not be undermined by medical or forensic records that merely reflect an absence of evidence of sexual assault. This is not a situation where, for example, the prosecution suppressed DNA evidence that conclusively proves that another person committed the crime at issue and thus categorically exonerates the criminal defendant. Rather, the evidence that Sorokaput appears to reference reflects mere *impeachment* evidence as to his daughters' statements to Children and Youth Services and his own confessions. In no way could such evidence be considered so powerful as to render his guilty plea unknowing and involuntary. Moreover, the Supreme Court of the United States has explicitly held that, in the guilty plea context (as opposed to when a

17

defendant insists upon a trial), there is no constitutional requirement that the prosecution disclose "preguilty plea" impeachment evidence.  <u>United States v. Ruiz</u>, 536 U.S. 622, 629, 633 (2002).

Sorokaput's <u>Brady</u> claim is procedurally defaulted and unreviewable.  Even if he did not default this claim, it would be denied on the merits.

### C.    Ground Three – Alleged Eighth Amendment Violation

In Sorokaput's final ground for relief, he contends that his 30- to 60-year sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment.  This claim, like his <u>Brady</u> claim, is procedurally defaulted and unreviewable.  Sorokaput did not "fairly present" an Eighth Amendment claim with respect to the length of his sentence in any state-court proceeding, nor did he receive an adjudication on the merits.[4]  <u>Carpenter</u>, 296 F.3d at 146.

Even if Sorokaput had properly raised this constitutional challenge, it would not merit relief.  As the Supreme Court of the United States has explained, "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare."  <u>Ewing v. California</u>, 538 U.S. 11, 21 (2003) (quoting <u>Rummel v. Estelle</u>, 445 U.S. 263, 272

---

[4] On direct appeal, Sorokaput challenged the 30- to 60-year sentence as "manifestly excessive" and an abuse of the sentencing court's discretion.  <u>See</u> <u>Sorokaput</u>, No. 54 MDA 2020, 2020 WL 6059834, at *1.  But nowhere does Sorokaput assert that the sentence amounted to a *constitutional* violation.  Moreover, the Superior Court did not address this abuse-of-discretion claim on the merits, as it found the claim waived because Sorokaput had not raised it during sentencing or in a post-sentence motion.  <u>Id.</u>

(1980)).  And in <u>Hutto v. Davis</u>, the Court admonished that "federal courts should be reluctant to review legislatively mandated terms of imprisonment," and that "successful challenges to the proportionality of particular sentences *should be* exceedingly rare." <u>Hutto v. Davis</u>, 454 U.S. 370, 374 (1982) (emphasis added) (internal quotation marks and citation omitted).

In <u>Solem v. Helm</u>, 463 U.S. 277 (1983), the Supreme Court provided three factors to consider when determining whether a sentence is so disproportionate to the offense committed that it violates the Eighth Amendment: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." <u>Id.</u> at 292.  It is impossible for this court to undertake a review of these factors, as Sorokaput has failed to provide sufficient argument or evidence to support his claim.[5]  Sorokaput, as the petitioner, bears the burden of establishing his right to habeas relief, and his failure to adequately support this claim forecloses further review.

The court additionally observes that Sorokaput's sentence for—among other serious offenses—multiple counts of child rape, incest, and aggravated

---

[5] One exhibit Sorokaput submitted after filing his Section 2254 petition contains a newspaper clipping regarding a Butler County man who was sentenced to 25 years' probation for his two sexual assault convictions. (<u>See</u> Doc. 7-4).  This exhibit fails to provide meaningful comparator evidence because it is from a different jurisdiction and the sentence was imposed for far fewer (and less serious) sex-offense convictions.

19

indecent assault does not approach the sentencing disproportionality of cases where relief has been granted or even some cases where relief has been denied. See, e.g., id. at 296-303 (holding that *life without parole* for a seventh nonviolent felony violated Eighth Amendment); Ewing, 538 U.S. at 30-31 (finding that third strike for felony theft with resultant sentence of 25 years to life did not violate Eighth Amendment); Hutto, 454 U.S. at 372 (holding that two consecutive terms of 20 years' imprisonment for possession with intent to distribute marijuana and distribution of marijuana did not violate Eighth Amendment).

When compared to these other cases, Sorokaput's aggregate sentence of 30- to 60-years' incarceration for numerous, grievous offenses involving child sexual assault does not come close to the disproportionality required for an Eighth Amendment infringement.  So even if Sorokaput had properly exhausted this claim in state court, it would not warrant relief.

## IV.   CONCLUSION

Based on the foregoing, the court will deny Sorokaput's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The court will likewise deny a certificate of appealability, as Sorokaput has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this court's procedural rulings are

correct, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  An appropriate Order

follows.

**Date:** _9/30/24_                    BY THE COURT:

                                       _____
                                       JUDGE JULIA K. MUNLEY
                                       United States District Court